40  411
51  391

## A. W. COX, ADMINISTRATOR, v. ANNA D. EINSPAHR.

### FILED MAY 2, 1894.    No. 5562.

Witnesses: EXAMINATION: FRAUDULENT CONVEYANCES: EVIDENCE. In an action by the wife for the value of certain chattels sold on judicial process for the satisfaction of a debt of her husband the defense was want of consideration, and fraud as against the creditors of her husband in the transaction whereby her husband conveyed such chattels to her. *Held*, That a very liberal cross-examination should have been permitted of each party to said transaction, and that it was error to sustain an objection to an inquiry made of her husband on such cross-examination as to whether or not, after said conveyance to his wife, there had not been transferred a certain described part of said property to a designated creditor of the husband in consideration of a debt by him owing before the transfer to his wife.

ERROR from the district court of Adams county. Tried below before GASLIN, J.

*Batty, Casto & Dungan,* for plaintiff in error.

*Capps & Stevens, W. P. McCreary,* and *C. H. Tanner, contra.*

.RYAN, C.

This action was brought by Anna D. Einspahr against Abraham Yeazel for the value of certain personal property levied upon by the sheriff of Adams county under and by virtue of a writ of attachment issued upon the petition of Abraham Yeazel against Herman D. Einspahr, the husband of Anna D. Einspahr. Subsequently the attached property was sold and proceeds applied in payment of the debt of Herman D. Einspahr adjudged due Abraham Yeazel in the suit wherein the attachment had been issued and levied. In the petition of Anna D. Einspahr, above referred to, there were contained averments material to a correct understanding of the matters hereinafter discussed. These averments were as follows:

"This plaintiff further alleges that on or about the 28th day of January, 1890, this defendant entered into an agreement with one H. D. Einspahr, the husband of this plaintiff, whereby and wherein this defendant consented and agreed that the said H. D. Einspahr might and should sell to this plaintiff the property described in the petition in this action, for the purpose of inducing and procuring this plaintiff (the wife of H. D. Einspahr) to sign certain real estate mortgages to property in which the said H. D. Einspahr was seized, and in which mortgages this plaintiff was to dispose of and relinquish her equity and dower right which she then had in said real estate, and that in pursuance to the said agreement between this defendant and the said H. D. Einspahr, did, on the 29th day of January, 1890, sell, set over, and transfer unto this plaintiff all of his right, title, and interest in and to the aforesaid personal property to this plaintiff."

The above quotation was made because it serves to elucidate the transactions; that following is given for the very opposite reason:

"That the said Abraham Yeazel, defendant, was, on the

28th day of January, 1890, cashier of the Exchange National Bank of Hastings, Nebraska, which bank the said H. D. Einspahr owed at that time a large amount of money, to-wit, about $15,000, which said proposed mortgages were desired by the said Abraham Yeazel, this defendant, at that time to secure said indebtedness; that in pursuance of said agreement this plaintiff did, on the 29th day of January, 1890, sign, execute, and deliver real estate mortgages on her interest in the lands so mortgaged, including her homestead, to secure the said sum of $15,000 of indebtedness of the said H. D. Einspahr so as aforesaid due from him to the said bank, and that the transfer of the aforesaid property from H. D. Einspahr to this plaintiff was made as aforesaid with full knowledge thereof to this defendant and at his instance and request."

The petition alleged that Abraham Yeazel, through the sheriff, obtained possession of said chattels, unlawfully and wrongfully converted them to his own use, to the damage of the plaintiff in the sum of $6,868, for which sum she prayed judgment. Before an answer was filed, Abraham Yeazel died, and his administratrix, Lueva Yeazel, was substituted as defendant. Afterwards this substituted defendant answered, in effect, justifying the levying of the writ of attachment and the sale in pursuance of said levy, because, as alleged in the answer, the transfer of the property levied on was made and received for the sole purpose of enabling H. D. Einspahr to avoid the payment of the debt due Abraham Yeazel, and for the purpose of cheating, defrauding, hindering, and delaying his creditors, and for the further reason that the said transfer was totally without consideration and void as to creditors. Subsequently a reply was filed in denial of every allegation contained in the answer inconsistent with the averments of plaintiff's petition. Upon a trial had to a jury, a verdict was rendered in favor of the plaintiff, assessing the amount of her damages at the sum of $6,000, upon which, after the over-

ruling of a motion for a new trial, and exceptions thereto, judgment was duly rendered.

The controversy in this action was as to the *bona fides* of the transfer of the personal property from H. D. Einspahr to his wife. The consideration alleged in the petition, if proved, was sufficient, so far as consideration was necessary, to sustain the transfer of the personal property, provided that in all other respects said transfer was free from objection. The defense does not seem to have been so much upon the want of consideration, however, as because of the alleged fraudulent nature of the transaction. In the instructions the relation of the parties between whom the transfer of the personal property took place was duly noticed by the court, and in that regard there could have been no misunderstanding. The above observations are addressed more particularly to the objections made to the first instruction asked by the plaintiff than to any other matter whereby the question arose.

Fraud is peculiarly a question of fact under our statute for the determination of the jury. If the right of a party to a suit depends upon the establishment of fraud, he must prove it in order to succeed; the burden of proof is upon him whose success depends upon showing the fraud. (*Clark v. Tennant,* 5 Neb., 549.) In a case of this kind the facts can only be ascertained by a full examination of the witnesses. This is especially true where the transaction is between husband and wife, and where, in the nature of things, it is questionable whether or not there has been such change of possession of the property disposed of as would indicate a change of ownership. Among the personal property transferred by H. D. Einspahr to his wife, and for the value of which this suit was brought, there were two stallions, which the evidence of Mr. Einspahr showed were worth, as he said, all the way from $1,500 to $2,500. The party who was witness to the bill of sale, and who read the same over to Anna D. Einspahr, was

John Steiner, not at that time related to Mr. and Mrs. Einspahr, but who has since married their daughter. On cross-examination the bill of exceptions shows the following proceedings. Counsel for defendant, in the cross-examination of H. D. Einspahr, propounded the following questions, with the results indicated:

Q. What became of these two stallions mentioned in this bill of sale?

A. John Steiner got them.

Q. From whom did he buy them?

A. From my wife.

Q. Before or after the execution of this bill of sale?

A. After the execution of the bill of sale.

Q. What was the consideration paid by John Steiner to your wife for these two stallions?

Counsel for plaintiff objected, as incompetent, immaterial, irrelevant, and not proper cross-examination. Objection sustained. Defense excepted.

Q. Was that consideration a money consideration or some other kind?

Counsel for plaintiff objected, as incompetent, immaterial, and not proper cross-examination. Objection sustained on the ground that it is incompetent and immaterial. Defense excepted.

Q. Is it not a fact that these two stallions were transferred to John Steiner after this bill of sale was given by you to Anna D. Einspahr, and in consideration of a debt that you owed John Steiner prior to the execution of this bill of sale?

Counsel for plaintiff object, as incompetent, immaterial, and irrrelevant, and not proper cross-examination. Objection sustained. Defense excepted.

Counsel for defense now offer to prove that H. D. Einspahr, this witness, was indebted to John Steiner in a certain amount of money prior to the execution of this bill of sale to his wife, Anna D. Einspahr, and that subsequent

to the execution of said bill of sale, the two stallions mentioned in the bill of sale were transferred to John Steiner to liquidate this indebtedness of said H. D. Einspahr to John Steiner.   Offer denied, and defense excepted.

The objection that this was not proper cross-examination was not well taken, for in his direct examination H. D. Einspahr had testified concerning the sale to his wife, and that the same was made for the purpose and with the intention stated in the petition.   A careful examination of the record has disclosed that nowhere else was there any evidence introduced which would supply the place of that offered and rejected as indicated by the last three questions and the proceedings in reference thereto.   A copy of an affidavit, made by Anna D. Einspahr with reference to the dissolution of the attachment in the case brought by Abraham Yeazel against H. D. Einspahr, was introduced in evidence, and as to the transaction sought to be elicited by the questions to which objections were sustained the affiant said: "Affiant further says that she is acquainted with the transaction of the transfer of the two stock horses, and grain and accounts to John Steiner in payment of the notes held by Steiner against her said husband, and knows that the same was in good faith and done as set forth in the affidavit of her said husband and the said John Steiner."   In the record there is no other allusion to this transaction, the affidavits of John Steiner and H. D. Einspahr, just referred to, being wholly omitted.   We cannot avoid the conviction that the objections to the questions propounded to H. D. Einspahr concerning the consideration for the transfer of the two stallions to John Steiner were improperly sustained.   If, as was indicated in the last question, the answer thereto should have shown that the consideration for the transfer was a debt owing by H. D. Einspahr to John Steiner, and for which Anna D. Einspahr was in no way responsible, the bearing might have been very direct in sustaining the imputation of

fraud in the sale and transfer of property by H. D. Ein-spahr to his wife. If there had been other evidence which explained this transaction, the proposed testimony might have been immaterial. As it was however, the defendant, having pleaded and insisted on the fraudulent nature of the transaction, was entitled to cross-examination upon a matter having as important a bearing on this question as that in relation to the transfer of the two stallions to Steiner, presented as it was by the questions to which objections were sustained. For the error pointed out the judgment of the district court is

REVERSED.