## JOSEPH G. SLOAN V. CLARA VAN BUSKIRK.

FILED APRIL 21, 1897. No. 7216.

1. **Sale by Husband to Wife:** CONSIDERATION. The signing by a wife of a mortgage upon the homestead of herself and husband, the legal title to which is in him, to raise money with which to pay his debt, is such a valuable consideration, if otherwise sufficient, as will support a sale of personal property of the husband to the wife.

2. ———: ———. Evidence examined, and *held* to sustain the finding of the jury.

ERROR from the district court of Pawnee county. Tried below before BUSH, J. *Affirmed.*

*G. E. Becker* and *W. W. Giffen,* for plaintiff in error.

*Lindsay & Raper, contra.*

RAGAN, C.

This is an action of replevin brought in the district court of Pawnee county by Clara Van Buskirk against Joseph G. Sloan, the sheriff of said county. Mrs. Van Buskirk had a verdict and judgment, and the sheriff brings the judgment here for review.

The first argument is that the verdict is not sustained by sufficient evidence. The record shows that on and prior to the 31st day of December, 1892, Mrs. Van Buskirk's husband owned a "Racket-Store" in the village of Burchard, Nebraska; that on said date Douglas & Son brought suit against Mr. Van Buskirk to recover a claim of about $96 and caused the store to be seized on attachment; that an agreement was then entered into between Van Buskirk and his wife to the effect that she would unite with him in mortgaging their homestead to raise the money with which to pay off the claim of Douglas & Son; and in consideration of this Van Buskirk agreed to and did sell and convey to her the "Racket-Store." The mortgage was made on the homestead and about $81

Sloan v. Van Buskirk.

realized, and Mrs. Van Buskirk, in addition, furnished $22 in money, and the claim of Douglas & Son was paid and discharged and she took immediate possession of the "Racket-Store," without any knowledge or notice that her husband was indebted to any other person.   In February, 1893, Butler Bros. caused this "Racket-Store" to be attached as the property of Mr. Van Buskirk, and his wife then brought this action.   The court, under proper instructions, submitted the good faith of the transaction between Van Buskirk and his wife to the jury, and its finding that the sale of the goods by the husband to the wife was made in good faith and without fraudulent intention on the part of either of them to defraud the husband's creditors is abundantly sustained by the evidence. But counsel make the point that the consideration moving from Mrs. Van Buskirk to her husband for this store was not a valuable consideration.   We think it was.   The homestead mortgaged was the only real estate owned by either of the parties.   It was a small house and lot in the village of Burchard and worth less than $2,000; the legal title was in the husband, but the record shows that the wife by washing and ironing had earned a part of the money which went to pay for this homestead; but if she had not contributed anything towards purchasing it, she had an interest in this of which she could not be deprived except by her voluntary act.   In *Cox v. Einsphar*, 40 Neb., 411, it was held that the release by a wife of her dower interest in real estate, the title to which was in her husband, was a sufficient consideration to sustain a transfer of personal property from the husband to the wife.   The property conveyed by the husband to the wife in this case was of the value of about $140, and we think, therefore, that the wife parted with or gave a valuable consideration for the goods purchased of her husband.   The judgment of the district court is

                                        AFFIRMED.